UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIANO SANDRO RODRIGUEZ (A# 220-719-688),

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER,

Respondent.

No. 1:26-cv-05817 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

The record demonstrates that Petitioner, a native and citizen of Cuba, entered the United States on or about December 29, 2021, and was released on his own recognizance on January 2, 2022, after apprehension by Customs and Border Protection agents. ECF No. 1 at 19-22. Immigration and Customs Enforcement ("ICE") detained him on October 19, 2025, following an arrest by local law enforcement for domestic battery under Fla. Stat. § 784.041(2)(a). An immigration judge ("IJ") ordered Petitioner removed to Cuba on May 12, 2026. ECF No. 1 at 7. Petitioner's timely appeal of the IJ's ruling to the Board of Immigrations Appeals ("BIA") remains pending. Id. at 7, 13. Petitioner is currently detained at Mesa Verde Detention Center located within this judicial district. Id. at 11.

Petitioner challenges his prolonged detention without individualized custody review under the Due Process Clause of the Fifth Amendment in three separate counts. ECF No. 1 at 6. Respondent concedes that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 6. Respondents further state, in an apparent reference to Petitioner's criminal history, that "[t]his case is in the category of immigration cases for which the Court has typically ordered bond hearing to determine Petitioner's suitability for release." Id. at 1.

By virtue of Petitioner's appeal of his removal order to the BIA, his detention has not shifted to 8 U.S.C. § 1231(a). See 8 U.S.C. § 1231(a)(1)(B). Therefore, in light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a), a provision that provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request a custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). Respondent denied Petitioner those statutory protections for a period of more than ten months, which constitutes a procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right").

Moreover, because Petitioner has a protected liberty interest in his continued freedom, Respondent owed him notice and a pre-deprivation hearing prior to the revocation of his order of recognizance. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972). Respondent does not dispute that Petitioner did not receive such safeguards. Thus, upon consideration of the three factors set forth in Mathews v. Elderidge, 424 U.S. 319, 335 (1976), the undersigned finds that Petitioner's re-arrest constitutes a separate procedural due process violation. See Julio Fernando R.P. v. Andrews, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the Mathews factors and finding similarly).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the

State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." Id. at 129. Here, where Respondent does not make a specific argument as to why Petitioner's criminal history warrants only a post-deprivation remedy, the undersigned finds that release on the previous conditions of supervision are the appropriate remedy.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner ADRIANO SANDRO RODRIGUEZ (A# 220-719-688) from their custody under the conditions of supervision in place at the time of his re-arrest on October 19, 2025, and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

   a. Serve a copy of any release order on the Mesa Verde Detention Facility; and,

   b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE